# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 07-03758-8-RDD |
| | ) | |
| SHELBY D. PHILLIPS | ) | |
| UNDRAY PHILLIPS, | ) | MOTION FOR RELIEF FROM STAY |
| Debtors | ) | |

NOW COMES Log Cabin Homes, Ltd. ("Log Cabin") through its counsel, Matthew P. Sperati, who respectfully represents to this Court as follows:

l. That the Debtors, Shelby D. Phillips and Undray Phillips, filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code on October 8, 2007.

2. Log Cabin Homes, Ltd. is the holder of a first lien deed of trust on the property owned by Debtors located at **533 Occoneechee Neck Road, Jackson, Northampton County, North Carolina**, (the "Property"), copies of the deed of trust and the promissory note secured thereby being attached hereto as Exhibits A and B;

3. That Debtors in their Chapter 13 plan were to bring their pre-petition arrearage current by payments through the Court, and were to make all post-petition payments directly to Log Cabin. They have failed to make the October, November, December, 2007, and January, 2008, post-petition payments of principal and interest of $900.04 and the $36.00 monthly late charge and are now delinquent in their post-petition payments in the amount of $2,808.12.

4. That Debtor has also failed to maintain insurance on the residence, necessitating the forced placement of insurance on the Property at a total cost to Log Cabin of $841.68.

5. That the amount of Log Cabin's secured claim as of the date of the bankruptcy filing was $112,576.00 with a pre-petition arrearage of $34,058.31..

6. That Log Cabin is now owed the sum of $115,384.12 together with interest from January 24, 2008, until paid.

5. That the Property has an appraised value of $_____, and said amount in the opinion of Log Cabin fairly represents the value of the property.

7. Upon information and belief the Debtors have little or no equity in the Property, have not offered or provided adequate protection for the interest of Log Cabin in said Property, and unless the automatic stay is lifted to permit the foreclosure of its lien, Log Cabin will suffer irreparable damage.

WHEREFORE, Affiliated moves this Court enter its Order:

1. That the automatic stay imposed by 11 USC 362 be modified to allow Log Cabin to foreclose the lien of its deed of trust.

2. That this Court enter such further orders as it deems just and proper to offer adequate protection for Log Cabin if the automatic stay is not lifted.

This 1st day of February, 2008.

    /s/ Matthew P. Sperati
Matthew P. Sperati, Attorney
for Log Cabin Homes, Ltd.
Post Office Box 4307
Rocky Mount, N. C. 27803-4307
Telephone: 252-977-1050